## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Roe

v.

Roszel et al.

### Case No. (Law) CL930953

BY JUDGE DONALD H. KENT

January 24, 1995

The issue presented is what standard of competency is required under § 8.01-229 of the Code in order to suspend or toll the statute of limitations.

After considering the memoranda and argument of counsel, the Court finds that the standard for competency is found in the statute. The statute provides that there shall be a suspension when a person is of unsound mind. Unsound mind is defined as a person adjudged insane or mentally incapable of rationally conducting his own affairs. This standard shall be used by the Court in this case in determining whether the statute of limitations should be tolled or suspended.

March 6, 1995

My letter of January 24, 1995, did not address the defendants' request for admissions and plaintiff's objections.

The Court finds that the defendants are attempting to circumvent the prohibition in § 8.01-420 of the Code which prevents the use of a deposition in support of a motion for summary judgment. Requests for admission are designed to reduce issues by narrowing controverted areas. They are not designed to take every uncontroverted fact developed during discovery and convert it into requests for admission. The three hundred thirteen statements presented by the defendant are unreasonably and unduly burdensome, overbroad, and oppressive.

Plaintiff's motion to quash the request for admissions is granted.

August 1, 1995

The Court finds that the amendment to the Virginia Constitution and the re-enactment of § 8.01-249 of the Code do not violate the United States and Virginia State Constitutions. The application of the statute to this case requires the Court to find that the causes of action are not time barred as to the individual defendant. The Court finds that a two-year statute of limitations applies to the remaining defendant who is not a natural person.

The demurrer is sustained to Count I: Breach of Fiduciary Duty. The Court finds no basis in the law of Virginia to extend this theory of recovery past a commercial relationship.

Count II: Intentional Infliction of Emotional Distress states a cause of action against the individual defendant, assuming that the content of the alleged letter is outrageous. Whether or not the remaining defendant is liable will be a matter of proof.

The Court was informed that the plaintiff is withdrawing his claim under Count III.

The Court finds that Count IV: Fraud does not state a cause of action. The plaintiff has failed to allege a reasonable detrimental reliance upon misrepresentations of the defendant.

Count V: Assault and Battery states a cause of action, and the demurrer is overruled.

Count VI: Negligent Hiring and Retention states a cause of action against the Diocese. This is not vicarious liability; it is the employer's own negligence that gives rise to the cause of action. It is not necessary to establish that the act was done within the scope of the employment. However, § 8.01-248 of the Code is applicable and bars any claim outside the one-year limitation period.