# CIRCUIT COURT OF THE CITY OF NORFOLK

Milton Giddens

 v.

Stacy Sharon Nunez

June 2, 2003

Case No. (Law) L02-2768

BY JUDGE MARC JACOBSON

Stacy Sharon Nunez, by counsel, has filed "Defendant's First Requests for Admissions to Plaintiff" (Requests for Admissions), numbering 110 Requests at this time. Milton Giddens, by counsel, has filed an "Answer and Objection to Requests for Admissions," objecting, *inter alia* "on the grounds that they are extremely burdensome, consisting of 110 Requests for Admissions and therefore exceed the scope of discovery allowed by the Rules of the Virginia Supreme Court."

Discovery in Virginia is governed by the Rules of the Supreme Court of Virginia. In particular, Rule 4:11 governs Requests for Admission. Generally, if the Requests relate to a discoverable issue, the non-requesting party has no grounds to object. Va. Sup. Ct. R. 4:11 (Lexis 2003). Neither Rule 4:11 nor the Norfolk Circuit Court Rules prescribe a maximum number of Requests or a page limit.

However, in considering the extent and scope of discovery, reference is made to Rule 4:1(b), which states, in relevant part:

> Subject to the provisions of Rule 4:8(g), the frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. The court may act upon its own initiative after reasonable notice to counsel of record or pursuant to a motion under subdivision (c).

Va. Sup. Ct. R. 4:1(b)(1) (Lexis 2003).

Requests for Admission do serve, in many instances, a valuable purpose by eliminating the necessity of going through the process of proving certain items, elements, or things that, in effect, are readily acknowledged or admitted or should be readily acknowledged or admitted by a party. This Court is not convinced that Requests for Admissions are intended literally to restate or extract endlessly verbatim language from a given instrument, document, or proceeding, although a Request for Admission may be appropriate to acknowledge the status or existence of a given instrument or document itself. "Requests for Admissions are designed to reduce issues by narrowing controverted areas. They are not designed to take every uncontroverted fact developed during discovery and convert it into Requests for Admission." *Roe v. Rozel*, 37 Va. Cir. 10 (City of Alexandria 1995) (holding that 313 Requests for Admission were "unreasonably and unduly burdensome, overbroad, and oppressive").

The Court concludes and rules that in many instances the Requests for Admission filed by Plaintiff are unreasonably cumulative and duplicative, are obtainable from other sources, and are unduly burdensome and the objections to the Requests for Admission filed by Plaintiff are sustained. Defendant will be required to resubmit her Requests for Admission to Plaintiff, limiting same to reasonable Requests for Admission, including Requests for Admission as to existence of instruments or documents and other Requests for Admission producing or narrowing matters in controversy that do not simply quote or parrot certain verbiage in an instrument or document itself that possibly is a proper item to be admitted.

If appropriate, the Court will rule upon further objections after resubmission of Requests for Admission to counsel for Defendant.

The objection of Plaintiff as to the Requests for Admission in their present posture is sustained with leave for Defendant to submit amended Requests for Admission.